IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

MUSA SARKI,

    Plaintiff,

    v.

OURISMAN RTE 198 SALES, INC. et al.,

    Defendant.

Civil Action No. 8:13-cv-01913-AW

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss and Compel Arbitration (Motion to Dismiss). The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise noted, the Court draws the following facts from Plaintiff's Complaint. On May 10, 2012, Musa Sarki (Plaintiff) was hired by Ourisman Route 198 Sales, Inc. (Defendant) to work as a service porter. Defendant is an automobile dealership with its principal office in Bethesda, Maryland. Plaintiff alleges that she and other similarly situated employees routinely worked overtime without being compensated. On February 4, 2013, Plaintiff complained about Defendant's failure to pay overtime. On February 27, 2013, Defendant terminated Plaintiff's employment.

Based on the foregoing allegations, Plaintiff filed her Complaint on July 1, 2013. Doc. No. 1. Plaintiff has asserted claims under the FLSA for unpaid compensation and retaliation.

On August 1, 2013, Defendant filed its Motion to Dismiss. Doc. No. 3. Defendant asserts that Plaintiff entered into an Arbitration Agreement and Waiver of Right to Jury Trial ("Agreement") when she was hired. Defendant further asserts that the Agreement provides that the Plaintiff's FLSA claims shall be submitted to binding arbitration. Based on the Agreement, Defendant asks the Court to dismiss the Complaint and compel arbitration. Plaintiff has yet to respond to Defendant's Motion to Dismiss although the deadline for responding has long passed.

## II.     STANDARD OF REVIEW

### A.     Preliminary Issues

"[M]otions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment." *PC Constr. Co. v. City of Salisbury*, 871 F. Supp. 2d 475, 477 (D. Md. 2012) (alteration in original) (citation and internal quotation marks omitted). "Whether the motion should be treated as a motion to dismiss or a motion for summary judgment turns on whether the court must consider documents outside the pleadings." *Id.* (citation omitted).

In this case, the Court relies on the Agreement, which is outside the Complaint. Therefore, as a technical matter, the Court treats the Motion to Dismiss as one for summary judgment. When treating a 12(b)(6) motion as one for summary judgment, Rule 12 requires courts to give the plaintiff a reasonable opportunity to present all material that is pertinent to the motion. Fed. R. Civ. P. 12(d). As this Court has consistently held, this standard entails notice and a fair opportunity to contest the factual matter presented. *See, e.g.*, *Cheraghi v. MedImmune, LLC*, Civil Action No. 8:11–cv–01505(AW), 2011 WL 6047059, at *2–3 (D. Md. Dec. 5, 2011) (citation omitted). Here, the notice requirement is satisfied because the Motion to Dismiss, which

contains attachments, put Plaintiff on notice that the Court might rely on material outside the Complaint. *See id.* at *2 (citation omitted). The overall fairness requirement is satisfied because it is implausible that there is any discoverable information that would enable Plaintiff to withstand Defendant's Motion to Dismiss. *See id.* at *3. Accordingly, the Court considers the instant Motion under a Rule 56 analysis.

B. **Motion to Dismiss—Rule 56**

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.*

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) (citation omitted). Furthermore, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact

as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

### III. LEGAL ANALYSIS

The FAA embodies "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 274 (4th Cir. 1997). Two key factors driving this policy are the affordability and expediency that arbitration offers in lieu of litigation. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122 (2001). This liberal policy requires courts to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). In accordance with this mandate, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses*, 460 U.S. at 24–25. Thus, it is well-settled that "the party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000).

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (citing *Moses*, 460 U.S. at 24). "The court is to make this determination by applying the 'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *Id.* (quoting *Moses*, 460 U.S. at 24). However, "[w]hether a party agreed to arbitrate a particular dispute is a question of state law

governing contract formation." *Adkins*, 303 F.3d at 500–01 (4th Cir. 2002) (citing *First Options of Chi., Inc.* v. *Kaplan*, 514 U.S. 938, 944 (1995)).

Specifically, a "litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Adkins*, 303 F.3d at 500–01 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)).

Defendant has easily satisfied these requirements in this case. As for element one, a dispute between the two parties exists in light of Plaintiff's FLSA claims. In regard to element two, the broad language of the Agreement clearly covers the FLSA claims at issue. Pertinently, the Agreement applies to "[s]uch disputes, complaints, or claims [including], but . . . not limited to, . . . claims for wages or other compensation due; . . . and any alleged violation of federal . . . statute . . . ." *See* Doc. No. 3-2 at 1. Furthermore, Plaintiff does not dispute signing the Agreement and has not contested its validity. Regarding element three, the transaction relates to interstate commerce because it arises out of an employment relationship with a car dealer. *Cf. United States v. Lopez*, 514 U.S. 549, 558–59 (1995) ("Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities."); *cf. United States v. Cobb*, 144 F.3d 319, 322 (4th Cir. 1998) ("Undoubtedly, if planes and trains qualify as instrumentalities of interstate commerce, so too do automobiles."). Moreover, federal law governs aspects of the employment relationship. Finally, as to the fourth element, the Plaintiff failed to arbitrate the dispute by filing the Complaint in this Court. As a result, the Court grants the Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and orders that the case be submitted to arbitration pursuant to 9 U.S.C. § 206. A separate Order follows.

| October 23, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |